UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
MIDDLE DIVISION

| | |
|---|---|
| KERRY INMAN, on behalf of herself and all other persons similarly situated, § § § | |
| Plaintiff, § | Civil Action No.:_____ |
| § | |
| vs. § | **CLASS ACTION** |
| § | |
| INTERACTIVE MEDIA MARKETING, INC. and SMILEY MILEY, INC., Tennessee Corporations, § § § § | **JURY TRIAL DEMANDED** |
| Defendants. § § | |

## ORIGINAL CLASS ACTION COMPLAINT

**COMES NOW** the Plaintiff, Kerry Inman, on behalf of herself and for all other persons similarly situated, and for her original Class Action Complaint against the Defendants, would allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff files this Class Action seeking damages on behalf of herself and all others similarly situated for violations of Tennessee law governing unfair or deceptive acts or practices.

1

2. Plaintiff and all Class Members purchased memberships to the website MileyWorld.com. One of the advertised benefits of membership in MileyWorld.com was the ability to purchase Miley Cyrus concert tickets before those tickets went on sale to the general public.

3. The Defendants in this action are Interactive Media Marketing, Inc. and Smiley Miley, Inc.

4. The Defendants are liable for damages and penalties under Tennessee law because they deceptively induced the Plaintiff and Class Members into purchasing MileyWorld.com Memberships with the misleading benefit of pre-sale ticket purchases.

## THE PARTIES

5. The Plaintiff Kerry Inman is a resident of New Jersey with a principal residence at 190 Erie Avenue, Pennsville, New Jersey 08070.

6. Defendant, Interactive Media Marketing, Inc. is a corporation incorporated under the laws of Tennessee, with its principal place of business in Palm Harbor, Florida. Interactive Media Marketing, Inc.'s registered agent in the State of Tennessee is Jason Gluck, 1105 17th Avenue North, Nashville, Tennessee 37212.

7. Smiley Miley, Inc. is a corporation incorporated under the laws of Tennessee, with its principal place of business at 415 4th Avenue South, Nashville, Tennessee 37201.

## FACTUAL BACKGROUND

8. Defendants Interactive Media Marketing, Inc. and Smiley Miley, Inc. jointly own and operate the website known as MileyWorld.com. MileyWorld.com purports to be a fan site offering memberships to the fans of Destiny Hope "Miley" Cyrus, and her fictitious alter ego Hannah Montana.

9. One of the purported benefits of membership to MileyWorld.com is the ability to purchase Miley Cyrus concert tickets before those tickets are offered for sale to the general public.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1332(d). Plaintiff is a citizen of New Jersey, and the Plaintiff Class is comprised of citizens of Tennessee and the other states, and the Defendants are corporate citizens of several states. The amount sought exceeds $5,000,000.00.

11. At all times material hereto, the Defendants were doing business in the State of Tennessee and all or part of the transactions which gave rise to this action took place in the State of Tennessee.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the Defendants do business in this District, both Defendants were incorporated in this District, one of the Defendants has its principal place of business in this District, and the alleged misrepresentations took place in this District.

## CLASS ACTION ALLEGATIONS

13. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

14. This suit is brought as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a Class of:

> All natural persons, excluding the Defendants, its/their officers, directors, and employees and any judge who may be assigned to hear this controversy, who are residents of the United States and who purchased a membership to the website MileyWorld.com from its inception through the trial of this cause.

15. Plaintiff does not, as yet, know the exact size of the Class. Based upon the popularity of the Defendants' website, as well as published media reports, Plaintiff believes that there are several thousand or tens of thousand Class Members, and that the Class Members are geographically dispersed throughout the United States. Joinder of all Members of the Class, therefore, is not practicable. However, the Members of the Class are readily identifiable from the information and records in the possession or control of Defendant and/or the servicing agents of the Defendants.

16. There are questions of law and fact common to the Class that predominate over any questions that may affect only individual Members of the Class, including, but not limited to:

    a. Whether the conduct of Defendants violated T.C.A. §47-18-101, *et seq.*;

    b. Whether the conduct of Defendants violated Tennessee common law;

    c. Whether the conduct of Defendants constitutes fraud on consumers; and,

d. The type and measure of damages suffered by Plaintiff and the Members of the Class.

17. Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff's claims are typical and representative of the claims of all Members of the Class, all of whom are victims of the Defendants' unfair and/or deceptive practices.

18. There are no defenses of a unique nature that may be asserted against Plaintiff individually, as distinguished from the other Members of the Class, and the relief sought is common to the Class. Plaintiff purchased a membership in MileyWorld.com for her daughter, and does not have any interest that is in conflict with, or is antagonistic to, the interests of the Members of the Class, and has no conflict with any other Member of the Class. Plaintiff has retained competent counsel experienced in class action litigation to represent her and the entire Class.

19. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy. In the absence of a Class Action, the Defendants will retain the benefits of their wrongful and deceptive conduct. Prosecution as a Class Action will eliminate the possibility of repetitious litigation. The wrongs suffered and remedies sought by the representative Plaintiff and the other Members of the Class are identical. The prosecution of separate actions by individual Members of the Class would create a risk of:

a. Inconsistent or varying adjudications for individual class members which would establish incompatible standards of conduct for the Defendant; and;

b. Adjudications for individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their individual interests.

20. A certification of the Class would allow litigation of claims that, in view of the expense of litigation, may be insufficient in amount to support individual actions. The individual Class Members are unlikely to be aware of their rights and not in a position, by way of experience or financial means, to commence individual litigation against the Defendants.

## GENERAL ALLEGATIONS

21. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

22. MileyWorld.com is an internet website owned and operated by the Defendants which offers memberships to the fans of Miley Cyrus for the purchase price of $29.95 per annually (with an automatic renewel).

23. One of the purported benefits of membership is the ability to purchase Miley Cyrus/Hannah Montana concert tickets before they are offered for sale to the general public.

24. While the site does not guarantee ticket availability, it represents that members who log on shortly after tickets become available will have a good opportunity to get tickets.

25. The site further represents that it will attempt to secure as many tickets as possible for each concert venue.

26. In reality, the vast majority of Class Members, including those who log on at the appointed time or shortly thereafter, are unable to obtain concert tickets. Thus, the vast majority of the members have expended $29.95 without receiving any appreciable benefit.

27. The Defendants knew, or in the very least should have known, that its

6

membership vastly exceeded the number of available tickets yet they nevertheless deceptively lured thousands of individuals into purchasing memberships.

## INDIVIDUAL ALLEGATIONS

28. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

29. On or around Thursday, September 20, 2007, the Plaintiff Kerry Inman purchased a membership to MileyWorld.com for her daughter Alyna.

30. This membership was purchased with the intent of obtaining tickets to Miley Cyrus's "Best of Both Worlds" concert tour when it came to Atlantic City, New Jersey on January 5, 2008, or Pittsburgh, Pennsylvania on January 4, 2008, before those tickets went on sale to the general public.

31. The Best of Both Worlds Tour is hosting approximately 55 concerts throughout the United States from October 2007 through January 2008.

32. The Plaintiff, by and through family members acting on her behalf, logged onto the site to purchase tickets at 10 a.m., on Tuesday, September 25, 2007, at the exact time that those tickets were to be made available for sale through the site.

33. At that time the Plaintiff was informed that all of the available tickets had been sold.

## COUNT I: DECLARATORY RELIEF

34. Plaintiff incorporates by reference the allegations contained in the preceding

7

paragraphs as though fully set forth herein.

35. A justiciable controversy exists with the Defendants regarding the methods of deceptively inducing club memberships, warranting declaratory relief pursuant to T.C.A. §29-14-101 *et seq.*

36. Plaintiff is entitled to a declaration that the Defendants conduct as alleged above is deceptive and/or a violation of the Tennessee Consumer Protection Act.

## COUNT II: VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

37. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

38. The Tennessee Consumer Protection Act, T.C.A. §§47-18-104 *et seq.*, prohibits unfair or deceptive acts or practices. T.C.A. §47-18-104(b) finds "the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part":

>   (9) Advertising goods or services with intent not to sell them as advertised;
>
>   (10) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;
>
>   (14) Causing confusion or misunderstanding with respect to the authority of a salesperson, representative or agent to negotiate the final terms of a consumer transaction;
>
>   (22) Using any advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services. An offer is not bona fide, even though the true facts are subsequently made known to the buyer, if the first contact or interview is secured by deception;

> (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person;

39. The Defendants created a false impression that tickets would be available to those club members who diligently attempted to obtain them. These unfair and deceptive acts and practices of the Defendants were clearly made with the intent to deceive the Plaintiff class representative and Members of the Class. Plaintiff and the other Class Members relied upon such representations and/or omissions.

40. By reason of the foregoing, Plaintiff/Class Representative and the other Members of the Class have been damaged in an amount to be proven at trial. In addition, because the Defendants' violations were intentional, the damages to the Plaintiff and other Members of the Class should be trebled, and they should be allowed to recover attorneys' fees pursuant to the Act.

## COUNT III: NEGLIGENT MISREPRESENTATION

41. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

42. As set forth above, the Defendants made affirmative misrepresentations to and concealed material facts from the Plaintiff and other Members of the Class.

43. At the time the misrepresentations were made and/or the material facts omitted, the Defendants should have known that the representations were false, or the Defendant made or caused to be made such representations without knowledge of the truth or falsity of such representations, and/or the Defendants knew or should have known that such omitted

9

information would have been material to Plaintiff and the Members of the Class.

44.  As a direct and proximate result of the Defendants' negligent misrepresentations, the Plaintiff and other Members of the Class have suffered monetary damage.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Kerry Inman, on behalf of herself and all others similarly situated, pray that this Court:

A.  Certify this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Award the Plaintiff and the other Members of the Class their actual damages, in an amount to be determined at trial, for the wrongful and deceptive acts of the Defendant;

C.  Award Plaintiff and the Members of the Class the costs of suit, including discretionary costs pursuant to Rule 54 of the Federal Rules of Civil Procedure;

D.  Award reasonable attorneys' fees under the common fund doctrine;

E.  Enjoin the Defendants from continuing their unfair or deceptive acts;

F.  Award the Plaintiff and the other Members of the Class pre-judgment and post-judgment interest;

G.  Award the Plaintiff and the other members of the Class attorneys' fees and treble damages pursuant to Tenn. Code Ann. § 47-18-101, *et seq.*;

H.  Award the Plaintiff and the other Members of the Class punitive damages; and

I.  Award such other and further relief as the Court deems just and proper under the circumstances.

**A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES**

Respectfully submitted,

**GLASSMAN, EDWARDS, WADE  & WYATT, P.C**.

By: <u>    s/Ed Wallis                              </u>
   B. J. WADE (#5182)
   Ed Wallis (#23950)
   26 North Second Street
   Memphis, TN  38103
   (901) 527-4673 – telephone
   (901) 521-0940 – facsimile

**OF COUNSEL:**

Robert N. Peirce, III, Esq.
D. Aaron Rihn, Esq.
**ROBERT PEIRCE & ASSOCIATES**
2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA  15219
(412) 281-7229 – telephone

11

Case 3:07-cv-01109   Document 1   Filed 11/13/07   Page 11 of 11 PageID #: 13